ALANSON LABAR v. LEWIS BATT ET AL.

*Malicious prosecution— Conspiracy.*

Advising persons not to become sureties for one who has been arrested, does not tend to show that those who give such advice have conspired with the person who caused the arrest, and are therefore liable with him to an action for malicious prosecution. Nor does

their enmity toward the person arrested, nor their wish to drive him out of town.

Error to Kalamazoo.   (Mills, J.)   April 16.—May 6.

CASE.   Plaintiff brings error.   Affirmed.

*Geo. M. Buck* for appellant.

*Powers & Oxenford* for appellees.

COOLEY, C. J.   Plaintiff sued Lewis Crane, Lewis Batt, and Thomas J. Reed, Jr., for malicious prosecution.   He recovered judgment against Crane, but not against the others, and he now brings the case against Batt and Reed to this Court.

One of the questions on the record is whether there was any evidence as against these defendants to go to the jury. The prosecution was instituted by Crane, but it was claimed that the other defendants conspired with him to begin and carry it on, and were therefore equally responsible.

The circumstance that comes nearest to connecting Batt and Reed with the prosecution was that both of them seem to have advised parties not to become sureties for plaintiff after his arrest.   But this fell far short of the exigency of the case.   Beyond this we have only evidence of circumstances tending to show enmity towards the plaintiff, a desire to make him leave town, etc., which might have been very wrong, but wholly insufficient to justify any finding of conspiracy in connection with the criminal prosecution.

The circuit judge disposed of the case properly, and the Judgment must be affirmed.

CAMPBELL and CHAMPLIN, JJ. concurred.   SHERWOOD, J. did not sit.